UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV502-J

ORA L. BATISTE                                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is the complaint of Ora Batiste ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g) denying her claim to disability insurance benefits. After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

<u>PROCEDURAL HISTORY</u>

On October 23, 2003, Claimant filed application for disability insurance benefits, alleging that she became disabled as of April 15, 1997. After a hearing, Administrative Law Judge Kathleen Thomas ("ALJ") determined that Plaintiff's degenerative disc disease and degenerative joint disease were severe impairments, but that as of the December 31, 2002 expiration of her fully insured status, they did not prevent her from performing her past relevant work as a government buyer/order clerk and accounting clerk. This became the final decision of the Defendant when the Appeals Council denied review on February 23, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to designate her carpal tunnel condition a "severe" impairment. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole. To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, she is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity." Thus, the relevant inquiry is whether (1) the evidence established that carpal

syndrome ("CPS") produced any limitations during the relevant time period, and (2) whether the limitations were taken into account in determining her residual functional capacity.

Ms. Batiste points to the report of Dr. Movania dated July 2005, stating that he had treated plaintiff since 1992. Tr. 431-435. He listed diagnoses of lumbar disc problems, bilateral CPS, and shoulder bursitis. In answering several of the questions (e.g., symptoms, precipitating factors, clinical findings), Dr. Movania differentiated among the diagnoses, such that the reader may readily discern which impairment produced which functional problem. Unfortunately, however, asked "What is the earliest date that the description of symptoms and limitations in this questionnaire applies?" Dr. Movania answered only "1995." Tr. 435. Thus, it is not possible to know from this report when the CPS began to produce symptoms and limitations, which renders reference to office notes even more important in this case than in most.

Turning to treatment notes, the Court is disappointed to find no office notes from Dr. Movania during the critical 1999 through 2002 period. Physical Therapy Associates, Inc. worked with Ms. Batiste on referral from Dr. Movania in late 2002. The discharge progress report, dated December 13, 2002, reported twelve sessions since evaluation on November 5, 2002. The only problem mentioned was degenerative disc disease of the lumbar spine. Tr. 146.

Dr. Nash, an orthopedist, saw Ms. Batiste in August of 2002 on referral from Dr. Movania for evaluation of her left shoulder pain and numbness and tingling of her left hand. She reported that the pain in the shoulder had been going on about two years, but she did not indicate that type of history with regard to her hand, about which Dr. Nash recorded, "She also has some numbness and tingling in her hand. It bothers her at night and causes radiation up into her neck." Tr. 345. She returned to him in September, when her chief complaint was her shoulder pain. Tr.

344. When she returned in November, carpal tunnel was not mentioned at all. Tr. 342.

Thus, there is no treatment note of record indicating that carpal tunnel syndrome caused any limitations on Ms. Batiste's ability to do work related activities during the relevant period. Considering the record as a whole, the Court concludes that substantial evidence supports the determination that plaintiff failed to carry her burden of showing that CPS affected her ability to work prior to 2003.

The claimant's other argument is that the ALJ committed legal error in failing to properly evaluate the credibility of her complaints of pain. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

The ALJ observed that Ms. Batiste was able to perform her previous job despite the existence of her "significant physical problems," and that she left her job in April of 1997 for reasons other than her health. From then until she filed the current application in October 2003, she "did seek work from time to time." Tr. 32. The ALJ further noted that she did not consistently seek treatment during this period of time, nor did any physician impose any work restrictions (until after her date last insured). The ALJ further noted that her she was not prescribed pain medication on a regular basis, and the medical records do not reflect a need to lie down for pain relief.

Whether the undersigned or any other finder of fact might have made a different determination is legally irrelevant. The fact remains that the ALJ provided evidence-based reasons for her credibility determination. As the findings are supported by substantial evidence and are not flawed by legal error, they must be affirmed.

An order in conformity has this day entered.